People v Smith (2019 NY Slip Op 02803)





People v Smith


2019 NY Slip Op 02803


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8950 5177/14

[*1]The People of the State of New York, Respondent,
v
Robert Smith, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered December 1, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of six years, unanimously affirmed.
With the exception of one instance, discussed below, the court providently exercised its discretion in precluding cross-examination of two detectives regarding allegations of misconduct against them in civil lawsuits in which they were named as defendants, because defendant did not identify "specific allegations that are relevant to the credibility of the law enforcement witness[es]" (People v Smith, 27 NY3d 652, 662 [2016]). As to each of these lawsuits, the "complaint did not allege, or even support an inference, that [the] detective personally engaged in any specific misconduct or acted with knowledge of the misconduct of other officers" (id. at 663 [internal quotation marks omitted]). These complaints failed to sufficiently specify how the detective at issue was involved in the alleged misconduct of other officers, or, where the detective's own conduct was described, the complaint did not set forth conduct that was relevant to credibility.
However, the court should have permitted the defense to cross-examine one of the detectives about a lawsuit in which it was alleged that he fabricated evidence. Defendant had a good faith basis for impeaching the detective with this allegation, which was specific to the detective at issue and relevant to his credibility. The court's only rationales for precluding impeachment were that such questioning would be "incendiary," and that the detective denied the misconduct when he was questioned about it out of the presence of the jury. The first rationale would appear to be inconsistent with the requirement that cross-examination be based on specific, good faith allegations that implicate the officer's credibility. The second rationale was an insufficient basis in this case for denying defendant the opportunity to have the jurors assess the officer's denial for themselves.
Nevertheless, we find that this error, as well as any error with regard to any of the lawsuits proffered by the defense, was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The the evidence of guilt was generally overwhelming and the testimony of the officers involved in the lawsuits was significantly corroborated by the testimony of a third officer (cf. People v Holmes, AD3d, 1019 NY Slip Op 02033 [1st Dept 2019]).
The court properly denied defendant's suppression motion. The relevant facts supported a "specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity" (People v Hall, 10 NY3d 303, 311 [2008]), and therefore [*2]justified a visual body cavity inspection. Among other things, the police saw defendant reach into the private area of his body for drugs that he sold to an apprehended buyer, and it was a reasonable inference that defendant was continuing to sell drugs at that location.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK